Kenneth B. CRAWFORD, Appellant

v.

Robert E. McLAUGHLIN et al., Board of
Commissioners of the District of
Columbia, Appellees.

No. 15923.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 14, 1960.

Decided Dec. 15, 1960.

———◇———

Mr. Norman H. Heller, Washington,
D. C., for appellant.

Mr. Hubert B. Pair, Asst. Corporation
Counsel for the District of Columbia,

with whom Messrs. Chester H. Gray, Corporation Counsel, and Milton D. Korman,
Principal Asst. Corporation Counsel, were
on the brief, for appellees.

Before WILBUR K. MILLER, Chief Judge,
MAGRUDER, Senior United States Circuit
Judge for the First Circuit,* and FAHY,
Circuit Judge.

FAHY, Circuit Judge.

Appellant, a retired officer of the Metropolitan Police Department, applied to
the District Court for a mandatory injunction to require the appellees, constituting the Board of Commissioners of
the District of Columbia, to order appellant to be retired for disability due to injury incurred in the performance of duty
under the provisions of 4 D.C.Code § 527
(Supp. VIII, 1960). Appellant had been
retired for disability under another provision of the Code granting retirement
benefits for disability "due to injury received or disease contracted other than
in the performance of duty." 4 D.C.
Code § 526 (Supp. VIII, 1960). The difference is that under section 4–527 appellant would have the benefit of a retirement annuity of at least 66⅔ per centum of his basic salary rather than 40
per centum as provided in section 4–526.

Upon the basis of an administrative
record consisting of the proceedings before the Police and Firemen's Retirement
and Relief Board and before the appellees as the Board of Commissioners, the
District Court granted the appellees' motion for summary judgment. This had
the effect of approving the Commissioners' order, which in turn had approved
the determination of the Retirement and
Relief Board that the disability was not
occasioned in the performance of duty.

Appellant entered the Police Department September 16, 1948, in good health.
He served until his retirement August
24, 1959, for disability described as
"chronic lumbosacral strain." The evidence we think traces this condition to a
fall of appellant on an icy pavement in
making an arrest in 1950. The personnel

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.C.

record states this fall caused a contusion to the right hip, and there is evidence appellant fell on his blackjack which was in his right hip pocket. He testified that, though he had not injured himself since then, after this injury he had back pains which, while not severe at first, got progressively worse. The pain became severe enough in 1953 to cause appellant to report to the clinic. He was treated for the pain in 1957, though to his knowledge he had done nothing in 1956 or 1957 to aggravate the condition or make it worse. The record also shows that appellant lost time from duty in 1957 for back strain.

Dr. J. Blaine Harrell, a member of the Board of Police and Fire Surgeons, who was familiar with the record of appellant's physical condition, examined him in 1953 and caused a notation of back strain to be made on his record. The doctor testified that from the indisputable sequence of events "I think it is entirely possible" the disabling condition was the result of the 1950 injury received on duty, and "I won't vacillate between possible and probable." He repeated, "As I said, the sequence of events is indisputable. It's very clear; he was well, he was injured, he was sick." The doctor was then asked, "Q. In your opinion it was in line of duty? A. According to that definition, yes."

There was evidence that in and after 1954, with permission of his superiors, appellant engaged in odd jobs of carpentry and general repair work. Appellant testified this resulted in no strain or injury to his back, and no evidence attributed any injury to this work.

We find no evidence that the disabling condition grew out of any injury received or disease contracted other than in the performance of duty. In the face of the evidence to which we have referred, tracing the condition to an injury received in the performance of duty, it would be too speculative to infer that the condition which had manifested itself prior to the carpentry and other extra work was due to that work.

Since the evidence supports only a conclusion attributing the disability to injury received in the performance of duty, appellant is entitled to be retired under section 4–527. The writ sought should accordingly be issued. We are fortified in this conclusion by consideration of the humane purpose of such retirement laws. See Bradley v. City of Los Angeles, 1942, 55 Cal.App.2d 592, 131 P.2d 391. This purpose would partially fail of accomplishment were the evidence in this record held to be insufficient to support retirement under section 4–527.

Reversed and remanded.