**Joseph R. HYDE, Appellant,**

**v.**

**Walter N. TOBRINER et al., Appellees.**

**No. 18059.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 6, 1964.

Decided Feb. 27, 1964.

Petition for Rehearing en Banc Denied April 15, 1964.

Messrs. Bernard Margolius and Carleton U. Edwards, II, Washington, D. C., with whom Mr. Ralph H. Deckelbaum, Washington, D. C., was on the brief, for appellant.

Mr. John R. Hess, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellees.

Before EDGERTON, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant was retired for disability as a member of the Metropolitan Police Department. The retirement officials, ultimately the Commissioners of the District of Columbia, ruled, however, that his disability was due to a disease contracted other than in the performance of duty. This resulted in his retirement annuity being 40% of his basic salary as provided by Section 4–526 of the D.C.Code (1961 ed.) rather than 66⅔%, as provided by Section 4–527. He sued in the District Court to require the Commissioners to retire him under the more favorable section. Under the Code, as it then read, the Commissioners contended that the more favorable provision did not apply unless the disability was attributable to an injury or a disease which was actually incurred or contracted in the performance of duty or was attributable to the aggravation of an injury or disease so incurred or contracted; that is, it did not apply to the aggravation of an injury or of a disease which was not

incurred or contracted in the performance of duty. It was concluded that appellant's disability did not come within these provisions so construed.

On the basis of the administrative record the court, on cross-motions for summary judgment, granted judgment for the Commissioners. Pending his first appeal to this court Congress enacted Public Law 87–857, 76 Stat. 1133 (1962), adding to Section 4–527 an amendment as follows,

"In any case in which the proximate cause of an injury incurred or disease contracted by a member is doubtful, or is shown to be other than the performance of duty, and such injury or disease is shown to have been aggravated by the performance of duty to such an extent that the member is permanently disabled for the performance of duty, such disability shall be construed to have been incurred in the performance of duty. * * *"

On November 2, 1962, this court vacated the judgment of the District Court and remanded with directions that the case be remanded to the Commissioners for reconsideration in light of the new legislation, with opportunity to the parties, if so advised, to adduce additional evidence. On the remand no additional evidence was adduced.

The case is before us again after the proceedings on the remand had resulted, as previously, both administratively and in the trial court, adversely to appellant's position that his disability, which is not disputed, came within Section 4–527.

Since our remand left all questions open we have examined the administrative record. We conclude that the Commissioners erred in finding that the disabling arthritis which led to the retirement was not incurred in the performance of duty, that is, was not a disease contracted in the performance of duty. Appellant had served as a motorcycle policeman for approximately fifteen of the seventeen years he was a member of the force. When appointed in 1943 he had been examined by the Board of Police and Fire Surgeons and found physically fit for appointment. On numerous occasions thereafter he sustained injuries to his knees and legs. One such injury which was admittedly incurred in the line of duty on May 7, 1953, was described as follows: "[W]hile starting his assigned motorcycle * * *, the motor backfired causing the starter pedal to kick back injuring the officer (sic) right knee." He was treated often for right knee contusions which, he testified, were also caused by cranking his motorcycle. He suffered from arthritis of his legs and knees almost continuously after 1949, and was treated therefor by the Board of Police and Fire Surgeons. This disease ultimately resulted in his inability to perform his duties. A medical member of the Board in recommending him for disability retirement referred to his condition as one which competent therapy had failed to cure. He advised the Board that the officer's arthritis "is caused by or aggravated by his duties." The ambiguity in this statement is resolved favorably to appellant, because the Board, of which this doctor was a member, had previously certified that appellant's injury or disease, arthritis, "was incurred in the performance of duty," adding that police officers are generally susceptible to this illness due to the exposure to dampness, cold and the strenuous nature of their duties. With the approval of the Commissioners appellant, during his tenure, had been given about 150 extra sick leave days with pay when suffering from arthritis on the basis of the Board's opinion that the disease "was a direct consequence of injury received (or disease contracted) in actual performance of duty." [1]

---

1. The statement of one doctor in 1959, in a letter to another, appearing in the record, that appellant was suffering from "early osteoarthritis incident to his age" does not countervail the evidence that appellant's disease was incurred in the performance of duty.

In evaluating the evidence consideration must be given to the humane purpose of such retirement laws. Accordingly the evidence must be viewed in a light more favorable to the applicant seeking relief than in the usual type of civil action. See Crawford v. McLaughlin, 109 U.S.App.D.C. 264, 286 F.2d 821 (1960). This view received the apparent approval of Congress with the passage of Public Law 87–857 referred to above, which provides that where the proximate cause of the disabling injury or disease is doubtful it shall be construed to have been incurred in the performance of duty. We accordingly conclude that, considered in this light, the evidence required the Commissioners to grant retirement to appellant under Section 4–527 of the Code.

Reversed and remanded with directions to remand to the Commissioners for action consistent with this opinion.

BURGER, Circuit Judge (*dissenting*):

Under the controlling opinions of this court we are required to affirm if there is any substantial evidence to support the action of the Commissioners. Here there is not only substantial but abundant evidence which shows that appellant's condition is nothing more than an aggravation and intensification during his police tenure of gouty arthritis incident to the aging process. When asked "what is the connection between your work and these conditions you have?" appellant answered:

> "A. I've had this for about eight or nine years and it seems to be growing worse. The only thing I can figure, by being on the right side, it could have been from cranking the motorcycle. I've had several injuries—the bad ones—seems to be that that side of my body is getting all the trouble."

Appellant's entire case as to the service causation of his condition rests on this naked assertion which at best showed that his condition *could have* been caused by his duties. No medical evidence supported his contention, so that he failed to carry his burden of proof before the Commissioners. I cannot treat the casual and equivocal comments of the medical member of the Board of Police and Fire Surgeons as sufficient to reject the findings and determination of the full Board. Moreover, all that doctor said was that appellant's present arthritis was "caused by *or* aggrevated [*sic*] by his duties." In short, he expressed *no* opinion as to which was the primary or dominant clause. Far from supporting a reversal this should compel affirmance. In a jury case a court would not permit a jury to speculate on this kind of evidence and it follows that we should not do so.

I would affirm the District Court's action granting summary judgment for appellees.