**Adrian S. CARROLL,**

v.

**Walter N. TOBRINER, John B. Duncan and Charles M. Duke, Board of District of Columbia Commissioners.**

**Civ. A. No. 1038–64.**

United States District Court
District of Columbia.

Feb. 8, 1966.

Bernard Margolius and Carleton U. Edwards, II, Washington, D. C., for plaintiff.

Milton D. Korman, Acting Corp. Counsel, John A. Earnest, Robert A. Redmon, Assts. Corp. Counsel, Washington, D. C., for defendants.

GASCH, District Judge.

This matter came on for hearing on cross-motions for summary judgment.

There is no dispute but that plaintiff is entitled to disability retirement. The only issue is whether the disability from which he is presently suffering requires or justifies a determination that it was incurred in line of duty.[1] The applicable legislation, D.C.Code § 4–527 (1961 ed., as amended, October 23, 1962) provides in pertinent part:

"(2) In any case in which the proximate cause of an injury incurred or disease contracted by a member is doubtful, or is shown to be other than the performance of duty, and such injury or disease is shown to have been aggravated by the performance of duty to such an extent that the member is permanently disabled for the performance of duty, such disability shall be construed to have been incurred in the performance of duty. The member shall, upon retirement for such disability, receive an annuity computed at the rate of 2 per centum of his basic salary at the time of his retirement for each year or portion thereof of his service: *Provided,* That such annuity shall not exceed 70 per centum of his basic salary at the time of retirement, nor shall it be less than 66⅔ per centum of his basic salary at the time of retirement."

In the instant case, it appears that the proximate cause of this disease, which has now reached a degree of severity requiring retirement, is doubtful. From a review of the entire record, particularly the testimony of the psychiatrist member of the Police and Firemen's Retirement Board, Dr. Shapiro, it clearly appears that the condition from which plaintiff suffers has been aggravated by police service.

In Blohm v. Tobriner, 350 F. 2d 785 (D.C.Cir., 1965), it was held that where the police department initiates proceedings[2] to retire an officer against

1. The undisputed diagnosis is psychoneurotic depressive reaction, chronic, with some paranoid trends (Exhibit 5 to the affidavit of plaintiff's counsel).

2. See Exhibit 8 to the affidavit of plaintiff's counsel.

his will for disability which is alleged to be unrelated to his official service, the evidence of such *lack* of connection should clearly preponderate and be substantial and persuasive. It is clear from this record that this burden has not been borne by the defendants. On the contrary, the Court finds as previously stated, that the record discloses that the disease from which the plaintiff suffers was aggravated by his police service.[3]

The Court's evaluation of the record is in line with the previous administrative decision to grant plaintiff sick leave in addition to the usual annual allowance which requires a finding that the illness or injury, because of which the leave was granted, was related to the line of duty.[4]

█ In Crawford v. McLaughlin, 109 U.S.App.D.C. 264, 286 F.2d 821 (1960), the Court of Appeals emphasized that the evidence in such a case as the present one be considered in the light of the "humane purpose of such retirement laws." [5]

The case of Taylor v. Tobriner, 120 U.S.App.D.C. 316, 346 F.2d 797 (1964), on which defendants rely, is predicated on a different factual situation. There, neither this Court nor the Court of Appeals found any evidence to indicate that the disability was aggravated by the performance of duty.

For these reasons, the Court grants plaintiff's motion and denies defendant's motion.

Counsel will prepare an appropriate order.

---

3. See, e. g., the letter of Inspector Mowry dated 2–28–61, filed by defendants as Exhibit 30.

"Private Carroll has been transferred to the Fourteenth Precinct, where his assignment for the next three months will be such as to constantly remind him of his derelictions in this instance."

And see the testimony of Dr. Shapiro in █ Exhibit 9 to the affidavit of plaintiff's counsel.

4. See Exhibit 4 to the affidavit of plaintiff's counsel.

5. 109 U.S.App.D.C. at 265 and 286 F.2d at 822; see also Hyde v. Tobriner, 117 U.S. App.D.C. 311, 329 F.2d 879 (1965).